No. 29,832.

EMMET R. WILHOIT et al., *Appellants*, v. EFFIE ODOR WILHOIT et al., *Appellees*.

(296 Pac. 340.)

March 7, 1931.                                                  Opinion filed

*Daniel H. Frost*, of Plattsburg, Mo., for the appellants.
*Fred M. Harris* and *W. B. Pleasant*, both of Ottawa, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to procure interpretation of a will. The question was whether a paragraph of the will gave the wife of a brother of the testatrix a share of the devised property equal to the share of each brother and sister of the testatrix. The district court answered the question in the affirmative, and some of those who felt their shares were cut down by the interpretation appeal.

The will is in the handwriting of the testatrix, and there is a dispute about two words. A photostatic copy of the will is attached to the brief of Effie Odor Wilhoit, and the court reads it as follows:

"3d. I bequeath the remainder of my estate to my brothers, and sisters, namely, John K. Wilhoit, Smith B. Wilhoit, Ella Wilhoit Garrett, Belle Wilhoit Bailey, or there heirs if they be dead, and Effie Odor Wilhoit, the wife of my brother Smith B. Wilhoit, to share equally with these heirs, and if she be dead her heirs to inheret her part of estate."

Appellants read the first gift over, "or their heirs if they be dead." It is immaterial whether the word be "their" or "there," for the meaning is unmistakable. Appellants also read the will, "to share equally with their heirs." The court is very sure the combination of letters "their" does not appear in the third paragraph of the will.

As the will indicates, John K. Wilhoit, Smith B. Wilhoit, Ella Wilhoit Garrett and Belle Wilhoit Bailey were the brothers and sisters of the testatrix. When the will took effect, Smith and Belle were living, and had children. John and Ella were dead, and each left four descendants. Effie Odor Wilhoit was the wife of Smith B. Wilhoit. There were no children of the marriage, but each had children by a former marriage. Appellants contend Effie Odor Wilhoit took nothing at all.

The will assumed the brothers and sisters of the testatrix might all be living when the will took effect. The gifts over in case of death were made to meet the contingency of death. The commas setting off the phrase, "or there heirs if they be dead," make the phrase in effect parenthetical, and reading the will under the assumption brothers and sisters would be living when the will took effect, it meant this: I bequeath the remainder of my estate to my brothers and sisters, John K. Wilhoit, Smith B. Wilhoit, Ella Wilhoit Garrett, and Belle Wilhoit Bailey, and Effie Odor Wilhoit, the wife of my brother, Smith B. Wilhoit.

Following the portion of the will just considered was a definition of just what Effie was to have—"to share equally with these heirs." Who were "these heirs?"

The maxim, "nemo est haeres viventis," is a legal maxim for sagacious application by lawyers and judges. In common thought, those who would take in case of a person's present death are regarded as his heirs, and in common speech they are called heirs. In that sense the brothers and sisters of the testatrix were her heirs, as distinguished from Effie. She was not and could not become an heir. She was only a sister-in-law. But the will said she was to share equally with "these heirs"—not with those who, on the hap-

pening of a future contingency, might be heirs, but these very heirs, the named brothers and sisters.

Taking into account the contingency of death, Effie was placed on an equal footing with brothers and sisters. In providing for the contingency of death of brothers and sisters, the testatrix used the collective phrase, "or there heirs if they be dead." There is no dispute the testatrix intended that if one were dead his or her heirs should take his or her share, and the testatrix disposed of Effie's share in case of her death just as she disposed of the shares of the brothers and sisters.

If Effie were to take only with heirs of brothers and sisters, and not with brothers and sisters, astronomical figures might be necessary to compute her share, and the court cannot discover expression of any such intention in the will.

The foregoing does little more than restate the views of the learned judge of the district court, who reached the conclusion the will was not ambiguous.

Appellants say that after the testatrix had given shares to her brothers and sisters, she did a natural thing, and provided for the contingency of death—"or their heirs if they be dead." The court agrees. But appellants say Effie was to take only as heir of her husband, Smith B. Wilhoit:

"Effie Odor Wilhoit is to share equally with *their* heirs. Whose heirs? Clearly the heirs of Smith B. Wilhoit."

The word "their," if that word had been used, is plural, and could not be distorted to apply singly to Smith B. Wilhoit.

Appellants say the will provided that Effie was to share equally with "their heirs," and not "my heirs." As indicated, the will reads "these heirs." The will was specific throughout. Brothers and sisters were named, and their full names were given. Effie's full name was given, and she was described as wife of the brother of the testatrix, Smith B. Wilhoit. The testatrix chose her own words, and instead of using an indefinite expression, she continued to be specific, and said "these heirs."

Appellants say that to place this sister-in-law on an equal footing with her husband, and with John and Ella and Belle, would be unnatural, unjust, and unequal. This is pure assertion, without fact on which to base it. There is nothing in the will, nor in the evidence, nor in the law, by which to measure deservingness of

Effie as compared with deservingness of John and Ella and Belle and Smith. Some centuries ago the English people won privilege to make wills which disregarded primogeniture and other feudal notions, and cut off heirs. The privilege is enjoyed by the people of this state. It is not, as a matter of fact or as a matter of law, unnatural or unjust for a competent testatrix to favor a person not an heir whom she deems deserving of favor and desires to favor; and whether a sister-in-law and her children by a former marriage, to whom the testatrix may be very devoted, should be treated equally with brothers and sisters of the testatrix, is not a matter for the brothers and sisters, or the neighbors, or the community at large, or the courts, to determine.

Without pursuing the subject further, the court holds the will was correctly interpreted by the district court, and its judgment is affirmed.